UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TYRONE MONTIS JONES,<br><br>Defendant. | Case No.  CR07-211L<br><br>ORDER DENYING MOTION TO SUPPRESS |

## I.  INTRODUCTION

This matter comes before the Court on defendant Jones' "Motion and Supporting Memorandum To Suppress Evidence Seized at Sea Tac Inn and For the Production of GPS Data" (Dkt. #25).  Defendant argues that the search warrant affidavit failed to set out probable cause for the magistrate judge to conclude that drugs or related contraband evidence would be found at the SeaTac Inn.  For the reasons discussed below, defendant's motion is denied.

## II.  FACTUAL BACKGROUND

On May 22, 2007, a search warrant was signed and issued by Magistrate Judge Mary Alice Theiler.  The warrant was based on an affidavit prepared and signed by ATF Special Agent Michael Stewart (Dkt. #40).  The search was executed on May 23, 2007 in Room 107 of the SeaTac Inn in SeaTac, Washington.

## III.  DISCUSSION

An affidavit for a search warrant must be "sufficient to justify a conclusion that the

property which is the object of the search is probably on the premises to be searched at the time the warrant is issued." United States v. Greany, 929 F.2d 523, 524-25 (9th Cir. 1991).  A magistrate judge's determination of probable cause is "accorded great deference and is reversed only if that determination is clearly erroneous." United States v. Terry, 911 F.2d 272, 275 (9th Cir. 1990).  As such, this Court need only determine that the magistrate judge "had a substantial basis for finding probable cause." United States v. Chavez-Miranda, 306 F.3d 973, 978 (9th Cir. 2002).  In making a probable cause determination, "[a] magistrate may 'draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense.'" United States v. Pitts, 6 F.3d 1366, 1369 (9th Cir. 1993) (quoting United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir. 1986)).  The question in this instance is whether there existed a "reasonable nexus" between evidence of drug distribution and the room to be searched at the SeaTac Inn.  See United States v. Rodriguez, 869 F.2d 479, 484 (9th Cir. 1989).

The Court finds that the affidavit contained sufficient facts for the magistrate judge to reasonably conclude that contraband would be found in Room 107.  First, there are facts contained in the affidavit to establish probable cause that defendant was conducting drug transactions during the time period relevant to the search warrant.  The affidavit describes six controlled purchases made from defendant by Agent Stewart's informant between September 1, 2006 and April 12, 2007.  Stewart Affidavit at ¶¶ 11-16, 23.  Additionally, the affidavit described how Agent Stewart observed ATF surveillance video footage revealing what he believed to be additional drug transactions conducted by defendant in April of 2007.  Id. at ¶ 32.  These videos were taken via a pole camera installed at 112 26th Avenue in Seattle, Washington, a location identified by authorities as an open air drug market.  Id. at ¶¶ 32, 37.   The last transaction observed on the videos occurred on April 27, 2007.  Id. at ¶ 32.

Second, the affidavit contained facts that would establish that defendant was residing in Room 107 during the relevant time period.  The affidavit states that agents placed a GPS device on a Chevrolet van that was known to be frequently driven by defendant and that this device

1    revealed that the driver of this car was spending every night at the SeaTac Inn between May 11,

2    2007 and May 20, 2007.  Id. at ¶ 37.  This is the same van that defendant was observed sitting in

3    during the surveillance conducted at 112 26th Avenue in April of 2007.  Id. at ¶¶ 32, 37.

4    Importantly, GPS data also revealed that the van made numerous trips to the residence at 112

5    26th Avenue during the time period defendant was believed to be residing at the SeaTac Inn.  Id.

6    at ¶¶ 33, 37.   Further, law enforcement conducting surveillance at the SeaTac Inn on the

7    morning of May 21, 2007 observed defendant leaving the parking lot.  Id. at ¶ 38.  Prior to

8    defendant's departure officers observed that the van had been parked between rooms 106 and

9    107.  Id.  Officers then checked the hotel registry, which revealed that Room 107 was rented to

10   "Tyrone."  Id.  When all of this evidence is considered together, the Court concludes that

11   Magistrate Judge Theiler had probable cause to conclude that defendant was conducting drug

12   transactions at the time the warrant was issued and that drug paraphernalia related to those

13   transactions could be found in Room 107 of the SeaTac Inn.

14        Nor was the information contained in the affidavit prohibitively "stale."  "'The mere

15   lapse of substantial amounts of time is not controlling in a question of staleness.'"  United States

16   v. Vaandering, 50 F.3d 696, 700 (9th Cir. 1995) (quoting United States v. Pitts, 6 F.3d 1366,

17   1369 (9th Cir. 1993)).  Further, information is not stale if "there is sufficient basis to believe,

18   based on a continuing pattern or other good reasons, that the items to be seized are still on the

19   premises."  United States v. Lacy, 119 F.3d 742, 745-46 (9th Cir. 1997) (quoting United States

20   v. Gann, 732 F.2d 714, 722 (9th Cir.1984)).  The affidavit here provided a sufficient basis to

21   conclude that drug paraphernalia would still be found on the property.  The last drug transaction

22   tied to defendant occurred on April 27, 2007, less than a month from the date that the warrant

23   was issued.  See United States v. Foster, 711 F.2d 871, 878 (9th Cir. 1983) (affidavit not stale

24   where defendant was linked to heroin sale three months before the warrant was executed).

25   Further, as discussed above, the GPS tracking device indicated that the van frequently used by

26   defendant had been making daily trips to the residence at 112 26th Avenue during the ten days he

27   was believed to be residing at the SeaTac Inn.  Stewart Affidavit at ¶ 37.  Additionally,

28   ORDER DENYING MOTION TO SUPPRESS - 3

defendant was seen exiting the parking lot of the SeaTac Inn in that van on the morning of May 21, 2007.  Id. at ¶ 38.  In short, Magistrate Judge Theiler had a sufficient basis to conclude that the items to be seized would still be located at the SeaTac Inn.

## IV.  CONCLUSION

For all the foregoing reasons, defendant Jones' motion to suppress (Dkt. #25) is DENIED.


DATED this 21st day of August, 2007.


Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO SUPPRESS - 4